1  LOVE & ERSKINE, LLP
   RICHARD A. LOVE (#61944)
2  KATHLEEN M. ERSKINE (#223218)
   11601 Wilshire Boulevard, Suite 2000
3  Los Angeles, California 90025
   Telephone:   (310) 477-2070
4  Facsimile:    (310) 477-3922
   Email:  rlove@love-law.net
5          kerskine@love-law.net

6  Attorneys for Plaintiff DAVID GUZMAN

7  LITTLER MENDELSON, P.C.
   LARA K. STRAUSS (#222866)
8  JOSHUA D. LEVINE (#239563)
   501 W. Broadway, Suite 900
9  San Diego, CA 92101
   Telephone:   (619) 232-0441
10 Facsimile:    (619) 232-4302
   Email:  lstrauss@littler.com
11         jdlevine@littler.com

12 Attorneys for Defendants SYSCO CORPORATION
   and SYSCO VENTURA, INC.

13

14                 UNITED STATES DISTRICT COURT

15                CENTRAL DISTRICT OF CALIFORNIA

16 DAVID GUZMAN,                    )  CASE NO.  CV13-00800-JCG
                                    )
17              Plaintiff,          )
                                    )
18      vs.                         )
                                    )  STIPULATED CONFIDENTIALITY
19                                  )  AGREEMENT AND PROTECTIVE
   SYSCO CORPORATION,               )  ORDER; [PROPOSED] ORDER
20 a Delaware corporation,          )
   SYSCO VENTURA, INC.,             )
21 a Delaware corporation, and      )
   DOES 1-20,                       )
22                                  )
                Defendants.         )
23 _____ )

24

25      Plaintiff David Guzman ("plaintiff") and defendants Sysco Corporation and

26 Sysco Ventura, Inc. ("defendants"), by and through their respective counsel, hereby

27 stipulate as follows:

28

                              1

1    WHEREAS, in connection with discovery in this case, the parties have sought
2    or are likely to seek certain documents and/or information which the other party
3    contends is private, highly confidential and/or proprietary;

4

5    WHEREAS, each party contends that the documents and/or information
6    sought are relevant to the subject matter of this litigation or reasonably calculated to
7    lead to the discovery of admissible evidence;

8

9    WHEREAS, the parties desire to protect the confidentiality of such documents
10   and information and to ensure that the parties can obtain and pursue discovery with
11   the minimum of delay and expense;

12

13   NOW, THEREFORE, it is hereby stipulated and agreed as follows:

14   1.    Documents and information (including documents in electronic format)
15   which are furnished to any party by any other party, or by third parties to this
16   litigation through subpoenas duces tecum, and are marked or otherwise designated
17   as "Confidential" (including documents that are produced, deposition transcripts and
18   discovery responses), and any summaries or descriptions of such documents and
19   information, (hereinafter collectively referred to as "Confidential Documents") are
20   confidential, or are deemed by the party producing the documents or information, or
21   to whom the documents or information pertain, to constitute or contain confidential
22   information, and shall be used solely for the purposes of prosecuting or defending
23   this action, and for no other reason.  Documents which have been or can be marked
24   and designated as "Confidential" by either party are:

25          a.    Plaintiff's medical, psychological and/or psychiatric records;

26          b.    Documents which record, reflect or otherwise document any
27   "trade secrets," or other competitive or private business information of defendants;

28          c.    Documents which record, reflect or otherwise document matters

2

1   which involve the privacy interests or rights of any third party, not a party to this

2   action.

3      Said Confidential Documents shall not be used for any other business and/or

4   purpose except pursuant to Paragraphs 3, 4, and 5 of this Confidentiality Agreement

5   and Protective Order.

6

7      2. Except as provided in Paragraphs 3, 4, and 5, below, all such

8   Confidential Documents shall be held in confidence in perpetuity and may be

9   disclosed only to the following categories of persons:

10        a. Counsel of record for any party, and the employees of such

11   counsel;

12        b. Parties to this litigation, including their respective officers or

13   directors;

14        c. Non-party experts and consultants (including independent experts

15   and independent consultants and their employees and clerical assistants) who are

16   employed, retained or otherwise consulted by any counsel of record for the purpose

17   of analyzing data, conducting studies or providing opinions to assist, in any way, in

18   this litigation.

19

20      3. Confidential Documents produced during the course of this litigation

21   shall not be disclosed to any person under paragraphs 2(b)(c) unless and until such

22   person has acknowledged and agreed to be bound by the terms of this Stipulated

23   Confidentiality Agreement and Protective Order in the form attached to this

24   stipulation and order.

25

26      4. At least ten (10) days prior to filing any documents or confidential

27   portions of documents designated **Confidential Documents** with the Court, the

28   party proposing to file such document(s) shall contact the other party to the action

1  and attempt to reach agreement regarding whether such document(s) should be filed

2  under seal.  If one or both parties believe that such documents should be filed with

3  the Court only under seal, then the parties shall prepare a joint application under

4  Local Rule 79-5, setting forth each party's position on whether an order of the Court

5  should issue that such documents, or confidential portions thereof, be filed only

6  under seal.

7

8      5.      Confidential Documents may be used and referred to during testimony

9  in this action and during hearings on motions, petitions and appeals in this action

10  and during discovery, but only in a manner that will protect the confidentiality of

11  such documents, testimony or the information contained therein in accordance with

12  the terms of this Stipulated Confidentiality Agreement and Protective Order.  Prior

13  to any such Court proceeding, the parties may submit proposed procedures,

14  including any related disputes, to the Court for its approval or modification.

15

16      6.      Nothing in this Stipulated Confidentiality Agreement and Protective

17  Order shall prevent any party from seeking an order of the Court determining that

18  some or all of the Confidential Documents produced are not and do not contain

19  confidential or private information, and therefore are not subject to the provisions of

20  this Stipulated Confidentiality Agreement and Protective Order.  If any party

21  contends that any document marked as confidential or subject to this Protective

22  order is not entitled to such protection, the document will nevertheless be treated as

23  confidential until that party either (a) obtains written permission from the other party

24  to do otherwise, or (b) obtains an order of this Court finding that the document is not

25  a protected document.  In addition, this Stipulated Confidentiality Agreement and

26  Protective Order shall not be deemed a waiver of:

27          a.      Any party's right to object to any discovery requests on any

28  grounds;

4

        b.    Any party's right to seek an order compelling discovery with respect to any discovery request;

        c.    Any party's right to object to the admission of any evidence on any grounds in any proceeding herein; or

        d.    Any party's right to use his/its own documents with complete discretion.

       7.    All documents supplied by the parties under a claim of confidentiality and any copies made therefrom shall remain the property of the party disclosing the documents and shall be returned to the disclosing party within ninety (90) days after the conclusion of this action, unless otherwise agreed upon in writing by the parties. One archive copy of each and all documents produced as Confidential Documents by any party shall be retained by counsel for the disclosing party for a period of five (5) years after conclusion of this action.  All other copies must be returned to the disclosing party at the conclusion of this litigation.

       8.    The treatment of privileged documents produced under a claim of privilege or work product will be as follows: <u>See</u> Separate Minute Order.

_____

_____

_____.

       9.    This Stipulated Confidentiality Agreement and Protective Order may be modified or amended by further order of the Court for good cause shown.

////

////

////

////

1      10.    The Court may enter the attached Protective Order requiring

2  compliance with this Stipulated Confidentiality Agreement, and may sign such

3  amendments to the Protective Orders as the parties stipulate in writing, or as the

4  Court otherwise orders.

5

6  IT IS HEREBY STIPULATED:

7

8  Dated: May 17, 2013                    LOVE & ERSKINE, LLP

9

10                                        By:_____s/- Kathleen M. Erskine_____
                                          Richard A. Love
11                                        Kathleen M. Erskine
                                          Attorneys for Plaintiff
12                                        DAVID GUZMAN

13
   Dated: May 17, 2013                    LITTLER MENDELSON, P.C.
14

15
                                          By::_____s/- Joshua D. Levine_____
16                                        Lara K. Srauss
                                          Joshua D. Levine
17                                        Attorneys for defendants
                                          SYSCO CORPORATION and
18                                        SYSCO VENTURA, INC.

19

20

21

22

23

24

25

26

27

28

ORDER

GOOD CAUSE APPEARING THEREFORE,

IT IS HEREBY ORDERED that a protective order be and hereby is issued as set forth above pursuant to the stipulation of the parties for purposes of pre-trial proceedings; that the parties shall meet and confer prior to filing any Confidential Documents to ascertain whether one or both parties believe the Confidential Documents must be filed under seal; that, if one or both parties believes there is good cause for filing such documents under seal, an application for filing under seal shall be filed under Local Rule 79-5; that any documents ordered sealed shall be opened and reviewed only by personnel authorized by the Court and shall not be made available for public inspection; and, that at the request of counsel, the sealed documents shall be returned to the filing party at the conclusion of the pre-trial proceeding.

FOR GOOD CAUSE SHOWN, this Stipulated Confidentiality Agreement and Protective Order, in its entirety, is hereby ordered into full force and effect.

DATED: May 23, 2013

_____
Hon. Jay C. Gandhi, Magistrate Judge
United States District Court

7

ACKNOWLEDGMENT OF PROTECTIVE ORDER

AND AGREEMENT TO BE BOUND


I, _____, do solemnly swear and affirm
that I have been provided with a copy, and am fully familiar with the terms, of the
Stipulated Protective Order in *David Guzman v. Sysco Corporation, et al.*, United
States District Court, Case No. 13-CV-00800 JCG, and hereby agree to comply with
and be bound by the terms and conditions of said Order unless and until modified by
the further Order of this Court. I consent to the jurisdiction of said Court and
purposes of enforcing this Order.

DATED this _____ day of _____, 201__.